BEFORE THE UNTITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| IN RE: AT&T CELLULAR CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3124 |
|---|---|

**RESPONSE OF PLAINTIFF DINA WINGER IN SUPPORT OF
MOTION TO TRANSFER AND CENTRALIZATION BUT IN OPPOSITION TO
THE NORTHERN DISTRICT OF GEORGIA AND IN FAVOR OF
THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

Plaintiff Dina Winger ("Winger"), who filed the action entitled *Winger v. AT&T, Inc*., Case No. 3:24-cv-01797-E (N.D. Tex.) (AB), pursuant to 28 U.S.C. § 1407 and Panel Rule 6.2(e), submits this response to the Motion for Transfer of Actions to the Northern District of Georgia Pursuant to 28 U.S.C. § 1407 for Consolidated or Coordinated Pretrial Proceedings ("Motion") (ECF No. 1).

While Plaintiff Winger supports consolidation and centralization, she opposes transfer to the Northern District of Georgia. Instead, Winger respectfully submits that all Related Actions (defined below) should be transferred to, and consolidated in, the Northern District of Texas, Dallas Division. The "Related Actions" include, but are not limited to, the following cases pending in the Northern District of Texas before Judge Ada Brown and in other federal districts, including New Jersey, Georgia, California, Montana, and Washington:

- *Winger v. AT&T Inc*., Case No. 3:24-cv-1797 (N.D. Tex.) (AB);

- *Weaver v. Snowflake, Inc. and AT&T Inc*., Case No. 3:24-cv-01915 (N.D. Tex.) (AB);

- *William Kirby v. Snowflake, Inc. and AT&T Inc*., Case No. 3:24-cv-01934 (N.D. Tex.) (AB);

- *Hale v. AT&T Inc*., Case No. 3:24-cv-1943 (N.D. Tex.) (AB);

- *Powell, v. AT&T Inc*., Case No. 3:24-cv-01948 (N.D. Tex.) (AB);

1

- *Pop v. AT&T Inc and Snowflake Inc.*, Case No. 3:24-cv-02008 (N.D. Tex.) (AB);

- *Smith v. AT&T, Inc.*, Case No. 3:24-cv-02087 (N.D. Tex.) (AB);

- *Young v. AT&T Mobility, LLC*, Case No. 1:24-cv-03185 (N.D. Ga.) (VC);

- *Miller v. Snowflake and AT&T, Inc.,* Case No. 2:24-cv-0067 (D. Mont.) (JJ);

- *Olivieri et al. v. AT&T et al.*, Case No. 2:24-cv-0056 (D. Mont.) (JJ);

- *Schulte v. AT&T et al*, Case No. 3:24-cv-07818 (D. N.J.) (MS);

- *Lewis v. Snowflake & AT&T, Inc.*, Case No. 2:24-0064 (D. Mont.) (JJ);

- *LeDuc v. AT&T, Inc.*, Case No. 3:24-cv-00581 (W.D. Wash.) (BT);

- *Hornthal v. Snowflake & AT&T*, Case No. 2:24-cv-0068 (D. Mont.) (JJ);

- *Marv. V. Snowflake and AT&T, Inc.*, Case No. 2:24-cv-0067 (D. Mont.) (JJ); and

- *Ghanaat v. AT&T, Inc.*, Case No. 3:24-cv-05065 (N.D. Cal.) (TSH).

**I.     The Related Actions Should be Centralized and Coordinated Under Section 1407**

Plaintiff Winger agrees that the Related Actions are appropriate for transfer pursuant to 28 U.S.C. § 1407(a) because (i) they "involv[e] one or more common questions of fact;" and (ii) transferring the cases would serve "the convenience of parties and witnesses" and will "promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a).  In April 2024, AT&T became aware that third parties accessed and captured the call logs of more than 100 million AT&T wireless customers (the "Second 2024 AT&T Data Breach"). These "Call Logs" contain the records of calls and texts messages from between May 1, 2022, and October 31, 2022, as well as on January 2, 2023.  The information identifies each telephone number that an AT&T cellular number interacted with, by voice call or by text message, during the relevant time period, which is highly sensitive information.  As such, the privacy interests of consumers who receive their phone service from carriers other than AT&T (such as T-Mobile, Verizon, and others) have also

been compromised. AT&T failed to adequately safeguard its customers' sensitive private information, which AT&T put at risk through its negligence, including but not limited to by how it entrusted the Call Logs to the third-party data-storage and analytics vendor Snowflake. AT&T's account on Snowflake could be accessed by nothing more than a username and password. AT&T was offered multi-factor identification by Snowflake, but it conspicuously chose not to implement it. Hackers also stole the data of other Snowflake customers who were similarly negligent, including Advance Auto Parts, Ticketmaster, Neiman Marcus, and LendingTree. However, each breach is distinct, and the one at issue here is principally attributable to AT&T's failure to comply with federal and state laws and requirements, as well as industry standards, governing the protection of sensitive private information like the Call Logs.

Centralization and coordination are further necessary because the Related Actions propose overlapping nationwide classes. As such, litigating the Related Actions in multiple jurisdictions would be inefficient and would risk inconsistent results. For these reasons, the Panel should centralize the Related Actions and any tag-along actions in the Northern District of Texas, Dallas Division, for eventual consolidation. To date, seven (7) of the sixteen (16) Related Actions filed against AT&T have been filed in the Northern District of Texas, Dallas Division, and are already pending in front of one Judge: The Honorable Ada E. Brown.

## II. The Northern District of Texas is the Most Appropriate Transferee Forum

"[T]ransfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C.§1407(a). Here, the Northern District of Texas, Dallas Division, is the most appropriate venue because a significant number of witnesses are located, and a large portion of the alleged conduct occurred, in Dallas, Texas, where Defendant AT&T is based. Moreover, Snowflake has employees

3

working throughout Texas, including in Dallas, Austin, and Irving. This District is also a convenient forum due to ease of direct travel for counsel. Finally, the Northern District of Texas has the availability, resources, and the subject matter experience that this litigation will require.

The seven (7) actions pending in the Northern District of Texas are each before Judge Ada E. Brown, who was recently assigned by the Panel to oversee the *AT&T Inc. Customer Data Security Breach Litigation*, MDL No. 3114 (N.D. Tex.), concerning a prior data security breach announced by AT&T in March 2024 involving the personal information of over 70 million former and current AT&T customers released on the dark web (the "First 2024 AT&T Data Breach"). In the First 2024 AT&T Data Breach, the Panel rejected the proposal to transfer the cases to the Northern District of Georgia and instead concluded that the Northern District of Texas was the appropriate transferee district, given that is where AT&T has its headquarters (in Dallas, Texas), where common witnesses and other evidence likely would be found, and where most of the related actions were pending. *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, No. MDL 3114, 2024 WL 2884429 (U.S. Jud. Pan. Mult. Lit. June 5, 2024) at *1. For similar reasons, here the Panel should continue to find the Northern District of Texas to be an appropriate transferee district for a data breach case against AT&T, and Judge Brown would be an ideal choice for the MDL with her considerable experience.

A.  **Witnesses and AT&T Are Located in the Northern District of Texas**

As detailed below, compelling logistical and common-sense reasons justify transfer to the Northern District of Texas, Dallas Division. First, AT&T, Inc., the common Defendant in every action, has its principal place of business and headquarters in Texas and does significant business in Texas. Next, a substantial portion of the events giving rise to all Plaintiffs' claims arise in Texas. In the briefing in MDL No. 3114 concerning the First 2024 AT&T Data Breach, AT&T

4

disclosed that its "response to the security incident at issue [in the First 2024 AT&T Data Breach] is directed from AT&T's headquarters in Dallas, not Atlanta." MDL No. 3114, Dkt. 93 at 2. This is likely to be true for the Second 2024 AT&T Data Breach, the one at issue in this MDL. Likewise, AT&T disclosed that its senior management is located in its Dallas headquarters, including AT&T's CEO, John Stanley, and its Chief Operating Officer, Jeff McElfresh, both of whom will likely be relevant witnesses in the Related Actions. *See id.* Additionally, AT&T disclosed that its Chief Technology Officer and Chief Data Officer are employees of AT&T Services, Inc. and spend considerable time at AT&T's Dallas headquarters. *See id.* at 2. The people who work for and report to these executives are also primarily based in Texas. *See id.* Indeed, these facts contributed to the Panel's decision to transfer the First 2024 AT&T Data Breach cases to the Northern District of Texas in Dallas and to reject of the Northern District of Georgia. *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, No. MDL 3114, 2024 WL 2884429 at *1 (U.S. Jud. Pan. Mult. Lit. June 5, 2024). Finally, to the extent that Snowflake has Texas-based employees located in the Northern District of Texas working with AT&T or otherwise, this will be convenient for this litigation.

**B.      The Northern District of Texas is a Convenient and Accessible Forum**

Whether the transferee district is easily accessible to parties and witnesses favors the Northern District of Texas, Dallas Division. The Northern District of Texas is at least equally, if not more, accessible than the Northern District of Georgia. Notably, if both of the AT&T 2024 Data Breach MDLs cases are pending in the Northern District of Texas before Judge Brown, efficiencies may be gained by and through the potential coordination of discovery between and among the two actions which could result in tremendous cost savings on all levels.

**III.     Alternatives to Centralization**

Counsel for plaintiff Winger met and conferred telephonically with counsel for Movants,

as well as counsel for other plaintiffs in this MDL to discuss whether centralization is necessary and if so, to which transferee district. Unfortunately, counsel was unable to reach consensus.

## IV. Conclusion

For the foregoing reasons, Plaintiff Dina Winger is in favor of centralization of the Related Actions, but she opposes the Northern District of Georgia as the transferee district. Winger submits that the MDL should be centralized in the Northern District of Texas, Dallas Division, before Judge Ada E. Brown.

Dated: August 19, 2024                                  Respectfully Submitted,

**GEORGE FELDMAN McDONALD, PLLC**          **FOSTER YARBOROUGH PLLC**

By: *s/ Lori G. Feldman*                                By: *s/ Patrick Yarborough*
Lori G. Feldman                                          Patrick Yarborough
102 Half Moon Bay Drive                                  Jeffrey Lucas Ott
Croton-on-Hudson, New York 10520                         917 Franklin Street, Suite 220
Telephone: (917) 983-9321                                Houston, Texas 77002
Email: lfeldman@4-justice.com                            Telephone: (713) 331-5254
                                                         Facsimile: (713) 513-5202
                                                         Email: patrick@fosteryarborough.com
**MATHIAS RAPHAEL PLLC**                                 Email: luke@fosteryarborough.com
Ori Raphael
Damon Mathias
13101 Preston Road, Suite 501
Dallas, Texas 75240
Telephone: (214) 739-0100
Fax: (214) 739-0551
Email: ori@mr.law                                        **Counsel for Plaintiff in *Dina Winger v.***
Email: damon@mr.law                                      ***AT&T*, Case No. 3:24-cv-01797-E (N.D.**
                                                         **Tex.) (AB)**